```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/11/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWN L. THOMAS-BRYANT,

                Plaintiff,

      - against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**ORDER**

09 Civ. 7232 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se plaintiff Dawn L. Thomas-Bryant filed this action on August 17, 2009, pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits and supplemental security income. On May 28, 2010, Defendant filed a motion to remand pursuant to the fourth sentence of 42 U.S.C. § 405, because the Administrative Law Judge who denied Thomas-Bryant's applications failed to consider certain opinions of a consultative psychologist. (Dkt. No. 11) On August 25, 2011, Magistrate Judge Frank Maas issued a thorough Report and Recommendation recommending that the motion be granted. (Dkt. No. 14)

        The Report was sent to the parties on August 26, 2011. According to 28 U.S.C. § 636(b)(1)(C), "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations."[1] 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. Rule 72(b)(2) (stating that "[w]ithin 14 days after being

---

[1] The Report recites the requirement that parties must file objections within fourteen days of service, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and the consequences for failure to timely object. (Dkt. No. 14 at 26-27)

served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations"). Plaintiff submitted a letter dated September 6, 2011, "requesting a Court hearing to clearly go over case or get representation on this case. . . . We need a court hearing to hear both sides. It's a remand of retro benefits that I'm seeking." (Sept. 6, 2011 Pltf. Ltr.)

"[A] pro se party's objections to the Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party will be allowed a second bite at the apple by simply relitigating a prior argument." DiPilato v. 7–Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (internal citations omitted). Here, Plaintiff's objections lack specificity, but she appears to seek a remand, which is precisely what the Magistrate Judge's Report and Recommendation recommends. "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241(RMB)(FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)). This Court will therefore review the Report for clear error.

Having conducted a review of the Report, the Court finds that the Report is not clearly erroneous and, in fact, is in conformity with the law. Accordingly, the Report's recommendations are adopted in their entirety, and this action is remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405.

## CONCLUSION

For the foregoing reasons, Defendant's motion to remand this action for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405 is GRANTED. The Clerk of the Court is directed to terminate Defendant's motion (Dkt. No. 11), and to close this case. The Clerk of the Court is further directed to mail a copy of this order to pro se Plaintiff Dawn L. Thomas-Bryant, P.O. Box 535, White Plains, NY 10603.

Dated: New York, New York
October 7, 2011

SO ORDERED.

*(signature)*

Paul G. Gardephe
United States District Judge